RUTHERFORD, Administrator, *v.* TEVIS.

Assumpsit by *A.* against *B.*, administrator of *C.* The declaration contained four counts. The first alleged that *A.*, in 1841, purchased of *C.* a tract of land, for 2,000 dollars, for which *A.* gave his notes, and that thereupon *C.* executed a bond for a conveyance; that *A.* took possession, &c., held the land for two years, and made improvements on it worth 1,000 dollars; that in 1844, *A.* and *C.* entered into an agreement to rescind the contract of sale, *A.* stipulating to surrender possession of the premises and cancel the bond,

and *C.* agreeing to give up the notes and pay for the improvements; that accordingly *C.* obtained possession of the land and bond; but that no payments had been made for the improvements, either by *C.* or by *B.* his administrator. The second count was for goods sold; the third for money paid; and the fourth for work and labor. Nine pleas. The 1st, 2d, 7th and 9th led to issues of fact. The 3d, 4th and 5th were pleas of the statute of limitations. The 6th, which was to the first count, alleged that *C.* never executed the title-bond mentioned in that count. This plea was verified by oath. The 8th averred that *A.* did not, within one year after *B.'s* appointment as administrator, file in the clerk's office a statement of his claim, nor at any time before the commencement of the suit, notify *B.* of said claim. Replication to the 3d, 4th and 5th pleas, that *C.* died on the 29th of *January,* 1849, which period was within six years after he made the promises sued on, and that *B.* was appointed administrator on the 10th of *March* following; that during one year of the time which intervened between the promises and *C.'s* death, he was continuously a non-resident and constantly absent from the state and the jurisdiction of her Courts; that from the time of the promises to his decease, exclusive of the period of non-residence, only three years and eleven months had elapsed; and that just seven months intervened between the 10th of *March,* 1850, (the date at which said administrator was liable to be sued in the case), and the day on which the suit was actually brought.

*Held,* that demurrers were correctly sustained to the 6th and 8th pleas.

*Held,* also, that the replication to the 3d, 4th and 5th pleas was sufficient on general demurrer.

A trial without an issue is erroneous.

APPEAL from the *Shelby* Circuit Court.

DAVISON, J.—*Tevis* sued *Rutherford,* administrator of *Alexander Brown,* in assumpsit. The declaration contains four counts. The first alleges that *Tevis,* in the year 1841, purchased of *Brown* two hundred acres of land in *Shelby* county, for 2,000 dollars, for which he gave his notes, and thereupon *Brown* executed a bond for a conveyance; that *Tevis* took possession under his purchase, held the land for two years, and made improvements on it worth 1,000 dollars; that in the year 1844, an agreement to rescind the contract of sale was entered into between the parties, whereby *Tevis* stipulated that he would surrender up possession of the premises and cancel the bond; and that *Brown,* on his part, agreed to give up the notes and also pay for the improvements; that in accordance with the agreement, *Brown* obtained possession of the land and bond; but no payments have been made for the improvements, either by him in his lifetime, or by said administrator since his death. The second count is for goods sold;

Nov. Term,
1854.

RUTHERFORD
v.
TEVIS.

the third for money paid; and the fourth for work and labor.

There were nine pleas. The first, second, seventh and ninth led to issues of fact. The third, fourth and fifth were pleas of the statute of limitations. The sixth plea, which was to the first count, alleged that *Brown* never executed the title-bond mentioned in that count. This plea was verified by oath. The eighth averred that *Tevis* did not, within one year after the appoinment of said administrator, file in the clerk's office a statement of his claim; nor did he at any time before the commencement of this suit notify him of such claim. Demurrers were correctly sustained to the sixth and eighth pleas. To the third, fourth and fifth, *Tevis* replied, that *Brown* died on the 29th of *January*, 1849, which period was within six years after he made the promises sued on, and *Rutherford* was appointed administrator on the 10th of *March* following; that during one year of the time which intervened between the promises and *Brown's* death, he was continuously a non-resident, and constantly absent from the state, and without the jurisdiction of her Courts; that from the time of the promises to his decease, exclusive of the non-residence, only three years and eleven months elapsed; and that just seven months intervened between the 10th of *March*, 1850, the date at which said administrator was liable to be sued in this case, and the day on which this suit was actually brought. So that excluding the period of non-residence, and the seven months, *Tevis* did within six years after the promises were made, commence this action, &c. The defendant demurred to the replication. The demurrer was overruled. Thereupon the cause was submitted to the Court for trial. The Court found for the plaintiff. A new trial was refused, and judgment rendered, &c.

In point of form the replication is quite objectionable, and would have been so held on special demurrer. We think, however, its averments sufficient to exclude the case from the operation of the statute of limitations. R. S. 1843, c. 40, s. 110.

But there is a fatal error in the record. The cause was tried without a rejoinder to the replication. It alleges facts material to a proper decision of the cause; yet they remain unanswered. This was, in effect, a trial without an issue; and such a trial has been repeatedly adjudged erroneous.

*Per Curiam.*— The judgment is reversed with costs. Cause, remanded, &c.

*T. A. Hendricks*, for the appellant.
*M. M. Ray*, for the appellee.