J. R. BLACKSHIRE, *et al.*, V. ATCHISON, TOPEKA & SANTA FE RLD. CO.

1. CONDEMNATION PROCEEDINGS; *Deposit by Railroad Company, for Damages, is not Payment.* Money deposited by a railroad company with a county treasurer for the damages awarded by commissioners in condemnation proceedings, remains with the treasurer at the risk of the company pending those proceedings; and if the land-owner appeal from the assessment of the commissioners, and recover a judgment in the district court, the company is not entitled to have the amount thus deposited credited upon the judgment.

*Error from Chase District Court.*

INJUNCTION, brought by the *Railroad Company* to restrain the collection of a part of a judgment recovered by *Blackshire.* The facts are fully stated in the opinion. The district judge granted a temporary injunction in January, 1873, and on the 6th of February, 1873, said judge overruled and denied a motion to vacate said temporary injunction. From this order and decision, overruling and denying his motion, *Blackshire* appeals, and brings the case here on error.

*R. M. Ruggles,* for plaintiff in error.

*J. Safford,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: In December 1870 the defendant in error instituted proceedings to condemn the right of way through the land of Blackshire, one of the plaintiffs in error, situate in the county of Chase. The amount of damages awarded by the commissioners was $577.50, and this amount was duly deposited by the company with the treasurer of the county. Blackshire appealed from this assessment of damages, and recovered a judgment in the district court for $2,400. This judgment was brought by the company to this court, and affirmed. (*A. T. & S. F. Rld. Co. v. Blackshire,* 10 Kas., 477.) Blackshire thereupon caused an execution to be issued on such

judgment and placed in the hands of F. E. Smith, the sheriff
of Chase county, the other plaintiff in error. The company
tendered to the sheriff the full amount of the judgment, in-
terest and cost, less the amount theretofore deposited with the
county treasurer, in full satisfaction of the judgment and costs.
This tender the sheriff declined to accept, and thereupon the
company brought its action to restrain any further proceed-
ings for the collection of the judgment. A temporary injunc-
tion was granted by the judge of the district court restraining
the collection of $577.50 on said judgment, being the amount
deposited as heretofore indicated. A motion was made to
dissolve this temporary injunction, which was overruled, and
now the question is presented for our consideration: To whom
does the money belong when deposited with the treasurer, and
at whose risk does it remain there? We think it belongs to
the company, and remains at its risk. The right of way
over the land does not pass until the damages as finally ascer-
tained are paid in money or secured by a deposit in money.
(Const., art. 12, § 4; see also *St. Jos. & D. C. Rld. Co. v. Cal-
lender*,) lately decided by this court: *ante*, p. 496. By the
appeal of the land-owner the assessment of the commissioners
is vacated, even as the appeal from the judgment of a justice
of the peace vacates that judgment. There is then existing
no determination as to the amount of compensation to which
the land-owner is entitled. The parties still disagreeing, the
company can get nothing until the amount of compensation
is settled, and either paid or secured by a deposit of money.
Until this question of compensation is settled, and payment
made, the company can abandon the route selected, and select
another. The fact that it has instituted condemnation pro-
ceedings does not compel it to carry them to a close, and pay
the amount awarded. If it finds the assessment of the com-
missioners, or the award of the jury, so large as to render it
expedient to go round a farm, instead of through it, it can
decline to pay, and · leave the land-owner undisturbed in
his possession. In the case of *Carli v. The S. & St. Paul
Rld. Co.*, 16 Minn., 260, it was held that "the title to this

land taken does not vest in the Railroad Company until the time for an appeal from the award of the commissioners has expired without such appeal, but remains in the original owner, and a quitclaim deed of the premises executed by such owner to a third person, after the award of the commissioners is filed, and within the time allowed for an appeal, conveys the premises to such third person; and the right to the damages passes to him as incident to his ownership, and he may take an appeal from the award of the commissioners within the time allowed by the statute." Upon the same principle a conveyance by the land-owner of the premises through which the right of way was sought, intermediate the taking of the appeal and the judgment, would pass the title, and with it the right to the damages. (*Stacey v. Vt. Cent. Rly.*, 27 Vt., 39; *B. & S. Rld. Co. v. Nesbit*, 10 How., 395.) Again, suppose the assessment of the commissioners had been $2,400, that amount deposited, and then the verdict of the jury only $577.50: could the land-owner elect to take the $2,400? Would he have a right to go to the treasurer and collect the $2,400 there deposited? Would it for a moment be claimed that it had *all* passed beyond the power of the company to recover back? Or again: if pending the appeal, and before the trial in the district court, the land-owner had actually received the deposit from the treasurer, would he be permitted to further prosecute his appeal? Could he take the amount of the assessment of the commissioners and at the same time litigate its sufficiency? Clearly, it seems to us, the acceptance of the money would be an affirmance of the assessment, and a waiver of any errors in it; while, if the money were his, it seems he should be privileged to take it without losing his right to full compensation for the right of way appropriated. But it is argued that the money is subject to his order; that by the constitution the right of way can be appropriated, if compensation is secured by a deposit in money; that the law has designated the county treasurer as the depositary; that the company has deposited this money with the legally-named depositary, has set it

apart as a fund for the sole purpose of being applied to payment of all damages that have been or may be awarded the land-owner, and that it is unjust to require the company not merely to place its money in the hands of the law but to become responsible for its safe continuance there. So far as the justice of the case is concerned, it is not more unjust that in case of loss the company should lose the money, than that the land-owner should lose his land. Indeed, as the company is the moving party, and is seeking to take from the land-owner, it is more just that it should carry all risks pending the proceedings. While it is true that the right of way may be appropriated if full compensation therefor is secured by a deposit of money, yet that deposit must be adequate security for full compensation. A deposit which is only partial security amounts to nothing. When the time for appeal has expired then the right of way is appropriated, even though the land-owner has not received the money, and from that time the money remains with the treasurer at his risks. The deposit with the treasurer is security for the assessment of the commissioners, but the appeal vacates that assessment. The amount of damages is thenceforth an unknown quantity; and how can it be said to be secured by the deposit? We have considered and disposed of this case upon the substantial question involved in it, leaving undecided the minor questions of practice raised by counsel on either side.

The case will be remanded to the district court, with instructions to vacate the temporary injunction.

All the Justices concurring.