CITY OF KANSAS V. KANSAS PACIFIC RAILWAY COMPANY.

18  331
66  236

CONDEMNATION PROCEEDINGS; *Appeal by Land-Owner, Stays Proceedings.*
Where the official authorities of a city of the third class attempt to
take private property for public use, and the compensation therefor
has been determined by the assessment of five disinterested house-
holders of the city, and the land-owner has availed himself of an ap-
peal from the decisions of such householders to the district court, he
is entitled, in the absence of provisions of law to the contrary, to the
possession of his land during the pendency of the appeal, and to an
injunction, if necessary, to protect such possession.

*Error from Wyandotte District Court.*

INJUNCTION, brought by the *Railway Company*, to restrain
the *City of Kansas* ("which is in the state of Kansas,") from
taking and appropriating certain lands for a public street,
pending an appeal taken from the proceedings on the part
of the city to appropriate such lands. The district judge, at
chambers, 30th April 1875, refused to dissolve the injunc-
tion, and the *City of Kansas* appeals, and brings the case here.

*Scroggs & Bartlett*, for plaintiff in error, contended that a
municipal corporation has the right and power to condemn
railroad property for a highway, and that a railroad company
has no other or greater right of exemption in that behalf than
an individual: Laws of 1871, ch. 60, § 65; Dillon Munic.
Corp., § 538; 49 Mo. 480; 14 Gray, 155; 36 N. H. 420; 47
Me. 189; 3 Ind. 464. The city council, by its delegated au-
thority from the legislature, has the exclusive right to judge
of the necessity for the taking of property for public use:
Cooley Const. Lim. 538; 14 Wis. 616; 11 Allen, 530. That
an appeal by the party aggrieved from the award of apprais-
ers, does not stay all further proceedings pending the appeal,
compare laws of 1868, p. 900, governing appeals from awards
of appraisers of roads and highways, with laws of 1871, p. 135,
governing appeals from such award in cities of the third class.
The former says the appeal shall be taken within the same

time, in the same manner, and with like effect as appeals from justices courts, while the law of 1871 provides that the appeal shall be taken within the same time and in the same manner as appeals from justices courts, omitting the words, "and with like effect." Also, see laws of 1870, p. 155; 14 Kas. 18; 2 Dillon C. C. Rep. 376; 13 Johns. 139; 7 Johns. Ch. 295; 3 Estes Pl. & Pr. 259; 8 Watts & Sarg. 459.

*Wallace Pratt*, for defendant in error, contended, that the law under which the city claimed the power to condemn private property, (§ 65, ch. 60, laws 1871,) is unconstitutional, because it does not provide for a proper and impartial tribunal to assess the amount of compensation, but authorizes the party interested in appropriating the lands to select five of its own citizens and property-holders to determine the amount the city shall pay the owner of the land sought to be acquired, (*Powers v. Bears*, 12 Wis. 213,) and because it does not provide for a notice to the owner of the land of the proceedings to deprive him of his property; 9 Kas. 647, 654; 16 Minn. 375. Admitting the constitutionality of § 65, the proceedings taken under it by the city are void. No ordinance of the city was in force at the time the condemnation proceedings were instituted, prescribing the selection of the appraisers; (44 Mo., 283;) no notice was ever given to the railway company of the resolution of the common council determining to extend the street in question. But if the law of 1871 was constitutional, and all the proceedings taken under it were regular, still the city acquired no right to take possession of the property in question. No payment or tender of compensation was ever made to the railway company. The notice served upon the company by the city, that the amount of the award was in the treasury of the city, subject to the order of the railway company, was no such tender as is required by the constitution. Prior to the attempt by the city to take possession of the property in question, the railway company had duly perfected an appeal from the award of the appraisers to the district court of Wyandotte county.

Pending this appeal, no tender could give the city any right to enter upon and take possession of the land. There must be a *final ascertainment* of damages, and a tender or payment of the same, before any right accrues to take the property sought to be acquired by the condemnation proceeding. 3 Green's Ch. 47; 7 Iowa, 213; 2 Dill. Ct. Ct. Rep. 376; 13 Kas. 496; 13 Kas. 514. The attempt by the city to take forcible possession of the property in question, pending the appeal by the railway company, entitled the latter to the injunction.

The opinion of the court was delivered by

HORTON, C. J.: From the record in this case, it appears that steps were taken to condemn a right-of-way by the city authorities of the City of Kansas, over and across certain property of the Kansas Pacific Railway Company, at a point where its switching-yards were located, and where there were twenty-two railroad tracks to be crossed, for the extension of a street of said city, called James street. It is admitted by the pleadings, that prior to the attempt by the city to take possession of the property for the proposed extension of said James street as a public street and highway, the railway company had duly perfected an appeal to the district court of Wyandotte county, from the award of the appraisers selected to determine the compensation to be paid therefor. Pending the appeal, the railway company obtained an injunction restraining the city authorities of the City of Kansas from attempting by force to lay out a street across the said premises of the company. On the 21st of December 1874, the plaintiff in error filed its verified answer to said petition, and on 14th January 1875 made application to the judge of said district court, at chambers, for a dissolution of said injunction. The motion to dissolve was heard upon the petition and answer, and was overruled. To reverse this order this proceeding in error is prosecuted.

Section 65, laws of 1871, pp. 134, 135, relating to cities of the third class, provides:

"Private property may be taken for public use, or for the purpose of giving the right-of-way or other privilege to any railroad company, or for the purpose of creating or establishing market-houses and market-places, or for any other necessary purpose; but in every case the city shall make the person or persons whose property shall be taken or injured thereby, adequate compensation therefor, to be determined by the assessment of five disinterested householders of the city, who shall be selected and compensated as may be prescribed by ordinance, and who shall, in the discharge of their duties, act under oath faithfully and impartially to make the assessment to them submitted. Appeals may be taken to the district court from the decision of such householders, in the same manner and within the same time as from judgments of a justice of the peace."

Under this provision, and the proceedings on appeal from final judgments of justices of the peace, we see no error in the action of the district court. This court decided in the case of *Blackshire v. A. T. & S. F. Rld. Co.*, 13 Kas. 514, that, "By the appeal of the land-owner the assessment of the commissioners is vacated, even as the appeal from the judgment of a justice of the peace vacates that judgment. There is then existing no determination as to the amount of compensation to which the land-owner is entitled. The parties still disagreeing, the company can get nothing until the amount of compensation is settled, and either paid or secured by a deposit of money. Until this question of compensation is settled, and payment made, the company can abandon the route selected, and select another. The fact that it has instituted condemnation proceedings, does not compel it to carry them to a close, and pay the amount awarded. If it finds the assessment of the commissioners, or the award of the jury, so large as to render it expedient to go round a farm, instead of through it, it can decline to pay, and leave the land-owner undisturbed in his possession." Substantially the same result follows in this case. The appeal here vacated the assessment of the five householders. The deposit of the amount of the award in the treasury of the city, subject to the order of the railway company, and the notice

thereof to such company, gave no rights to the city to take possession of the premises in dispute, after the appeal was perfected, till such appeal was ended, and the amount of the judgment either paid or secured by a deposit of money. The householders determined in their assessment that $201 was adequate compensation to the railway company for the property sought to be appropriated; yet from a report annexed to the reply to the answer of the city to the petition of the railway company, made and signed by the engineers of several railroad companies, and by the engineer of said city, it appears that the extension of the street as proposed, would be dangerous to the public, and so seriously interfere with the use of the tracks, and grounds of the railway company, that the railway company would eventually find it necessary to transfer its yards, tracks, and interests connected therewith, to some other point; and such report recommends that the only way to solve the difficulty would be to build a bridge over the tracks, and that this would cost at the lowest estimate $21,620. Hence it might be, that upon a full hearing on the appeal, so large a sum may be awarded as compensation to the railway company, that the city would decline to carry forward its intended extension of James street, at the point sought to be condemned for a right-of-way. It might refuse to pay the new award. In such an event, the attempted extension would be abandoned, and certainly it would be very unjust to allow the premises in controversy to be temporarily used or occupied by the city during the litigation as to the damages to be awarded, when the city has the right to abandon the route selected, and withdraw all proceedings to extend the street in a southerly direction as at first contemplated.

The injunction was properly granted in the first instance, and the district court rightly overruled the motion to dissolve the same. *St. Jos. & D. C. Rld. Co. v. Callender*, 13 Kas. 496; *Blackshire v. A. T. & S. F. Rld. Co.*, supra; *Browning v. C. & W. R. R. & Tr. Co.*, 3 Green's Ch. Rep. 47; *Trustees, &c., v. Davenport*, 7 Iowa, 213.

The order of the district court will be affirmed.

All the Justices concurring.