## THE STATE OF KANSAS v. J. B. CURTIS.

1. PROHIBITION; *Valid Section.* Section 3 of chapter 128, Laws 1881, is not rendered invalid by reason of ¿ 16, article 2, of the state constitution, which provides that "No bill shall contain more than one subject, which shall be clearly expressed in its title."

2. INFORMATION FOR SAME OFFENSE; *Dismissal of Former Case.* A complaint was filed before a justice of the peace, charging the defendant with a violation of said ¿ 3. Upon trial he was convicted, and from such conviction appealed to the district court. In the latter court the county attorney filed an information for the same offense, stating at the time that he did not intend to prosecute further the case appealed from the justice, and thereafter dismissed such case. After the dismissal of that case the defendant filed a plea in abatement to the information, on the ground of the proceedings in the former case. Such plea was overruled; *held,* no error.

### Appeal from McPherson District Court.

COMPLAINT was filed before a justice of the peace in McPherson county, charging *J. B. Curtis,* a regularly practicing physician at Lindsborg, with a violation of § 3, ch. 128, Laws of 1881. On the trial before the magistrate the defendant was convicted, and sentenced to pay a fine of $100, and the costs, taxed at $48.75, and to stand committed until the fine and costs were paid. From this judgment the defendant appealed to the district court. At the April Term, 1882, the county attorney filed an information charging the defendant with the same offense, and dismissed the former suit. Defendant filed a plea in abatement and to quash the information, which motion was overruled by the court, and the defendant was required to plead to the information. Trial had before the court and a jury; verdict of guilty, and defendant adjudged to pay a fine of $100 and costs. The defendant appeals. The facts are stated in the opinion.

*Mohler & Gilkeson,* and *Cornell & Pancoast,* for appellant.

*D. P. Lindsay,* county attorney, and *W. A. Johnston,* attorney general, for The State.

The opinion of the court was delivered by

BREWER, J.: The defendant was convicted in the district court of McPherson county upon a charge of violating §3, ch. 128 of the Laws of 1881, in this, that being a practicing physician and having filed the affidavit required by said section, he made a prescription for intoxicating liquors in a case in which there was no actual sickness, and where there was no necessity for the use of such liquors. From this conviction he appeals to this court, and claims first that such section is unconstitutional. He insists that the subject-matter of the section is not expressed in the title of the act, as required by §16 of article 2 of the constitution. The title of the act is "An act to prohibit the manufacture and sale of intoxicating liquors, except for medical, scientific and mechanical purposes, and to regulate the sale thereof for such excepted purposes." Section 3, so far as it bears upon this question, prohibits the sale for medical purposes except upon the prescription of a physician, and describes the conditions upon which a physician may give a prescription. This is clearly within the scope of the title. To regulate the sale for medical purposes: this comprehends all the steps which must be taken for such a sale. A medical prescription is a condition of such a sale; that is one thing by which the selling is regulated. If a medical prescription is within the scope of the title as a regulation of sale, a penalty for an improper prescription is also comprehended within the scope of the title; for generally when a title is broad enough to include a command, it is broad enough to include a penalty for disobeying the command. The case of *The State v. Barrett*, 27 Kas. 213, contains nothing in conflict with this. The first proposition of the defendant therefore cannot be sustained.

1. Prohibition; valid section.

The second question raised is the one of most importance. It appears that a complaint was filed before a justice of the peace, charging the defendant with a violation of said §3. Upon this complaint he was tried before the justice, convicted, and sentenced to pay a fine of $100 and costs. From this

conviction he appealed to the district court. In the district court, the county attorney instead of asking leave to file an amended complaint, or proceeding to trial upon the complaint filed before the justice, filed an original information and immediately thereafter nollied the other prosecution. To this information the defendant filed a plea in abatement, and now insists that such prior prosecution abated the action upon this information. He claims that at the time of filing this information there was a subsisting conviction for the same offense, and that to compel him to go to trial upon this information was to place him a second time in jeopardy. It may be stated that at the time of filing the information, the prosecuting attorney said to the court that he intended to proceed no further with the original prosecution, and did in fact dismiss that before the filing of the plea in abatement. It is insisted that the appeal from the judgment of the justice did not vacate such judgment, but only suspended it, and the case of *The State v. Volmer*, 6 Kas. 379, is cited. But there is · this difference between that case and the one at bar: there the appeal was from the district court to this for review, and here from the justice to the district court for trial. Yet even in that case it was held that the appeal suspended the judgment for all purposes. *A fortiori*, the appeal in this case was equally potent. Further, while doubtless the appellant may dismiss his appeal, and thus reinstate and make final the judgment against him, yet the appeal conditionally vacates the judgment. (*Blackshire v. Rld. Co.*, 13 Kas. 514; *City of Kansas v. Rld. Co.*, 18 Kas. 331; *Rld. Co. v. Hammond*, 25 Kas. 208; *Rld. Co. v. Rld. Co.*, 28 Kas. 453.) There is after

2. Information for same offense; dismissal of former case. the perfecting of the appeal only a pending prosecution. The case stands in the district court for trial as an original prosecution there. The state may dismiss the prosecution, and then there is no judgment or case in any court. The case amounts simply to this, that while one prosecution is pending and undetermined, the state commences another prosecution for the same offense. Does the prior prosecution abate the latter? The author-

ities indicate not. In 1 Wharton's Crim. Law, § 521, the author says: "If a prior indictment be pending in the same court, the course is to quash one before the party is put to plead on the other. If in different courts, the defendant may abate the latter by plea that another court has cognizance of the case by a prior bill. It is said, however, that the finding of a bill does not confine the state to that single bill; another may be preferred and the party put to trial on it, although the first remains undetermined." Also in § 523: "The practice is to prefer a new bill against the same defendant, before an application to quash is made on the part of the prosecution." So also § 547: "Where the defendant, at a previous term, has pleaded to another indictment for the same offense, the fact of the former indictment being still pending is no bar to a trial on the second. The better practice, however, is to withdraw the first indictment." See also the following authorities: *Com. v. Dunham*, per Thacher, J., 1 Boston Law Reporter, 145; Thacher's C. C. 513; *Com. v. Drew*, 3 Cush. 279; *State v. Tisdale*, 2 Dev. & Bat. 159; *Dutton v. State*, 5 Ind. 532; *Com. v. Murphy*, 11 Cush. (Mass.) 472; *Com. v. Berry*, 5 Gray (Mass.) 93; *O'Meara v. State*, 17 Ohio St. 515; *Hardin v. State*, 22 Ind. 347; *U. S. v. Herbert*, 5 Cranch C. C. R. 87.

In the case from 17 Ohio St., *supra*, the court uses this language: "It is insisted, in the first place, that the indictment under which the defendant was convicted is a nullity, because of the pendency of a former indictment for the same offense at the time it was found. We know of no such law. The last indictment is as valid as the first. Two indictments for the same offense are often pending at the same time. The state can only proceed upon one of them, but may elect upon which it will proceed. Of course the right of election implies that both are good and lawful indictments." If by § 209 of the code of criminal procedure the rule of the civil code is made applicable, then we find that by demurrer or answer the defendant may raise the question "that there *is* another action pending between the same parties for the same cause."

The State v. Curtis.

And at the time of filing this plea in abatement there was no other action pending.   In *Averill v. Patterson*, 10 N. Y. 500, it is held that when the pendency of a former suit for the same cause of action is pleaded, the subsequent discontinuance of such former suit forms a good reply.   See also the authorities cited by the court in the opinion in that case.   We think, therefore, the ruling of the court against the plea in abatement must be sustained.   We may add that while we concur with what is said by Paige, J., in *People v. Van Horn*, 8 Barb. 160, that the practice of filing two or more informations for the same offense is to be discountenanced, yet in the case at bar no substantial wrong was done to the defendant. On the contrary, he was benefited by the action of the state. The complaint before the justice was not as full as the information.   The state had a right, if such complaint was found defective, to file a new complaint in the district court. (Section 22, ch. 83, Comp. Laws 1879.)   And a conviction under such amended complaint would carry the costs of the proceedings before the justice.   Instead of doing this the state commenced a new prosecution, stating at the time that it did not intend to continue the former case, and in fact dismissed it immediately thereafter at the cost of the state.   So that in effect the defendant received benefit rather than injury from this action.   And in criminal appeals to this court we are required to "give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." (Cr. Code, § 293.)

Again, it is insisted that the court erred in the questions which it permitted to be propounded to the witnesses; yet no particular question is pointed out as objectionable, nor can we see that the general course of the inquiry was such as justifies a reversal of the judgment.   Similar is the complaint made as to the instructions, and a similar comment is perhaps all that is necessary.   We may add a word thereon in considering the further and final question made by counsel.   It is insisted that the verdict is not sustained by the evidence.   It is conceded that the defendant as a physician had filed the

affidavit required by the section, and that he prescribed two bottles of beer. It is testified to that the witness Blau, for whom the prescription was made, went to the defendant and claimed that he was sick. The defendant made an examination, and prescribed the beer. The defendant testified that he acted in good faith, believed that the beer was the proper remedy, and so believing, prescribed it. Now it seems to us that upon the testimony the only real question was the good faith of the defendant; and in respect to this it appears that the witness Blau had been in the habit of drinking beer in moderate quantities for several years; that he had had none for many days, and that he went to the defendant and told him that he wanted him to prescribe two bottles of beer, and the defendant gave him the prescription. He told the defendant wherein he was feeling badly; that he thought he needed beer, and the defendant agreed to it. After getting the beer he took the bottles back to the office of the defendant, and was invited by him to go and eat some oysters. He accepted the invitation, and the two went to a bakery near by and got some oysters, taking with them two bottles of beer, of which each drank one. Whether these bottles were the two which he obtained on this prescription, or two furnished by the defendant, may not be certain; for it appears that two or three hours before getting this beer he had taken a prescription from defendant to the same place and obtained for him four bottles of beer, and it may be that the beer which was drank was a part of the beer then obtained. It also appears that the defendant and the witness after eating the oysters and drinking the beer, attended a party, remained there awhile, and then returned to the office of the defendant and stayed there until ten or eleven o'clock, and then the witness went home. It does not appear that the witness was confined to his house at any time, or disabled from attending to his ordinary business. Upon this testimony, as we have said, we think the only substantial question for the jury was whether the defendant was acting in good faith, and made the prescription in the honest belief that the witness was sick and

needed the remedy prescribed, or was seeking simply to enable a habitual drinker to continue his regular potations. We do not think that it can be held that upon this testimony the jury were bound to acquit. It fairly presents the question of good faith, a question whose solution would doubtless be largely helped by the appearance and manner of the witnesses on the stand (the defendant being a witness on his own behalf), and one whose determination adversely to the defendant cannot when approved by the district court be held by us to be unwarranted by the evidence. Upon this question of good faith, the court charged as follows: "If you shall find and believe that it was a case of actual sickness in which he ought to prescribe as a physician, and that he did in good faith believe and form the judgment that beer was a necessary remedy, then he should not be convicted, though you might think he was wrong in his judgment. It is not sufficient in this view that the defendant has a so-called belief or idea that beer was necessary, but was it his honest judgment as a physician? There should be allowed no trick, device, or dishonesty of purpose, to evade the law." This we think was sufficient, and presented the question fairly to the jury. The court further in its instructions explained the meaning of the word "necessary" as used in the statute. Counsel criticise this. We think it may be doubted whether too restricted a meaning was not given to this word, but we do not care to pursue the inquiry at present, for the question in the case, as it appears to us, was one of good faith on the part of the defendant, rather than as to the need of the remedy. In conclusion, therefore, we add that we see no error in the proceedings, and the judgment must be affirmed.

All the Justices concurring.