State v. King.

---

No. 26,895.

THE STATE OF KANSAS, *Appellee,* v. MRS. MARIE KING, *Appellant.*

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Former Jeopardy—New Information After Disagreement of Jury.* In a prosecution under the prohibitory liquor law, where complaint was filed before a justice of the peace charging the defendant with the possession of intoxicating liquor, and a trial was had before a jury, resulting in a disagreement and discharge of the jury, and where the state filed an information in the district court and dismissed the complaint before the justice of the peace, *held,* a plea in abatement, setting up the proceedings in the justice court as a bar to further prosecution, was properly overruled.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed May 8, 1926. Affirmed.

*H. S. Hines,* of Arkansas City, for the appellant.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *C. H. Quier,* county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant appeals from a conviction for the violation of the prohibitory liquor law, complaining that the court erred in overruling a plea in abatement of former jeopardy.

The facts were substantially as follows: A deputy sheriff, passing defendant's premises about ten o'clock one night in May, 1925, heard music and unusually loud talking. He procured other officers, two of whom went to the front door and two to the back door of her

Indictments and Informations, 31 C. J. pp. 598 n. 19, 638 n. 7, 639 n. 12, 792 n. 67; 8 R. C. L. 157. Criminal Law, 16 C. J. p. 254 n. 22.

house. The defendant answered the knock at the front door and admitted them. Two other women and three men were in the house with the defendant. On a table was a pitcher and a glass of water. The pitcher smelled as though it might have contained liquor. One of the officers started for another room. Defendant ran ahead of him into a bedroom, went to the bed, threw back the pillow, and grabbed a bottle. The officer grappled with her in an attempt to get the bottle. She threw it into an adjoining room, where it hit the floor and broke. The officers took a handkerchief, mopped up what they could of the liquid and squeezed it into an empty bottle. It proved to be corn whisky. Several other empty bottles were found on the premises, some being marked cognac, apricot liquor, etc. Complaint was filed against the defendant in justice court for possessing intoxicating liquor. A jury was selected and a trial was had, resulting in a disagreement. Afterwards the state filed an information in the district court and dismissed the complaint in the justice court. The defendant before trial in the district court filed a plea in abatement, setting up the proceedings in justice court as a bar to further prosecution. A demurrer to the plea in abatement was sustained, the trial was had, and the defendant was convicted.

The defendant contends that her plea in abatement, which was supported by affidavit, stated sufficient facts to show that she had been placed in jeopardy for the same offense as that for which she was thereafter tried and convicted upon a new information filed in a court of separate and distinct jurisdiction. We cannot agree with the contention. Justice of the peace courts have concurrent original jurisdiction with the district court in cases of misdemeanor in which the fine cannot exceed $500 and imprisonment cannot exceed one year. (R. S. 63-101.) The jury in justice court having disagreed and having been discharged, another trial was in order. The defendant was then in precisely the same position as if no trial had occurred. The state could have had another trial before the justice of the peace; or it could, at its option, dismiss the action there and file another directly in the district court. The latter procedure, which it followed, was in conformity with the principles adopted in the early decisions of this court and adhered to through the years. (*State v. Curtis*, 29 Kan. 384; *State v. McKinney*, 31 Kan. 570, 3 Pac. 356; *State v. Hart*, 33 Kan. 218, 6 Pac. 288; *State v. Spendlove*, 47 Kan. 160, 28 Pac. 994. See, also, 22 Cyc. 223, 226, and 275.) Trial in the instant case in the district court occurred some six

months after the case had been dismissed in the justice court. No other action was pending against the defendant at the time of the trial and conviction in the district court.

The judgment is affirmed.