G. C. BINGHAM, ADMINISTRATOR, V. J. W. WATERHOUSE.

1—An administrator who occupied the attitude of defendant in proceedings in the Probate Court, and who, under Art. 1460 of Paschal's Digest, had appealed to the District Court from the order of the Probate Court, had no right to appear in the District Court and dismiss his appeal; because, when the case reached the District Court it stood there for trial *de novo*, and the appellant occupied in that court the same attitude of a defendant that he did in the Probate Court, and as such was impotent to dismiss the case. It was error, therefore, for the District Court to dispose of the case by dismissing the appeal at the instance of such an appellant.

2—If by dismissing his appeal the appellant meant that he had no defense, then the District Court should have affirmed the judgment of the Probate Court, and should, also, in conformity with the provisions of Art. 1356 of Paschal's Digest, have entered against the appellant a judgment for ten per cent. per month on the value of the property, which the order appealed from had required him to deliver to the appellee.

APPEAL from Harris. Tried below before the Hon. George R. Scott.

The opinion of this court gives a succinct but sufficient statement of such of the facts as affect the rulings made. The war and the consequent disorganization of the courts account for the great delays in the course of the litigation in this, as in many other cases.

*A. P. & E. W. Thompson*, for the appellee.—It is certainly too late for the appellant in the District Court to dismiss his appeal. He brought us into the District Court in April, 1861, and having joined issue with us there in law and fact, having had his issue of law determined against him, having suspended our proceeding in the Probate Court for more than eight years, he undertakes to dismiss his appeal and turn us out of court without relief. This is so palpably fraudulent and unjust that it seems superfluous to offer argument that it can not be the law. Brought into the District Court

by the opposite party, we have thereby acquired a right to be heard there, and to all the remedies that that court can give us in the exercise of its appellate, or even its original jurisdiction.

Upon the appellate jurisdiction only what are we entitled to? To a trial *de novo.* (See Paschal's Dig., Art. 1460, p. 359.)

There is a great difference between appeals from the Probate to the District Court and appeals from the District to the Supreme Court. The latter are tried on the transcript of the record only, and are confined to the review of the proceedings had in the court *a quo.* No new matter can be introduced. The former are trials *de novo*, and exactly similar to appeals or *certiorari* from the courts of the justices of the peace to the District Court, in which it has always been the practice to introduce new matter up to the time of the trial. By the force of the very term *de novo*, it means anew—a new trial, where each party stands, as plaintiff or defendant, exactly as they would have stood if the case were then first taken up for trial in the court *a quo.* (See Hall v. Claiborne, 27 Tex. Rep., 222, opinion by Moore, Justice.)

Such is the undisputed practice when the District Court grants a new trial on a case itself has heard. And where is the distinction between a *new trial* and a trial *de novo?* This principle applies *a fortiori* to cases of appeal from a justice's or probate court to the District Court; because the District Court can affix terms to the grant of a new trial, as that a certain deposition should be admitted, or pleading amended, etc., but in these appeals of which we are speaking, the very terms of the statute require that the trial shall be *de novo.* We insist, therefore, that the appellee here had acquired a right to a *de novo* in the District Court, of which he could not be deprived by the caprice or other willful action of the appellant.

This view is enforced by the nature of the judgment which the District Court is required to render in this kind of appeals. This is not a simple judgment reversing or affirming the decision or order appealed from. What is it then? Such a judgment as ought to be rendered in a trial *de novo*, an original

judgment of the District Court, which has to be certified to the Probate Court to be carried into effect. All that the Probate Court has to do with such a judgment is implicit obedience to its mandates. (See again Paschal's Digest, 1460, and Moore v. Hardison, 10 Tex. Rep., 472, opinion by Lipscomb, J.; and Newson v. Chrisman, 9 Tex. Rep., 118, the close of the opinion of the court by Lipscomb, Justice.)

This view is again confirmed by the terms of the appeal bond prescribed by statute : "shall prosecute said appeal to effect *and* perform the decision, order, decree or .judgment which the District Court shall make thereon in case the cause shall be decided against him." (See Paschal's Dig., Art. 1384, p. 339.)

This shows that the appellee is entitled to a judgment against the appellant failing, and such a judgment as he can be called on to perform. A dismissal of his appeal, on his own motion, is no decision against him, and dismissing the cause from the docket is no such judgment or order, that he can be called on to perform, or his sureties in appeal bond be held for his failure. These appeal bonds differ from appeal bonds on appeals from the District Court to the Supreme Court, in this, that the Supreme Court can give judgment against the sureties, but the District Court can not, and the successful appellee is always driven to his action on the bond, and of course must show that its conditions have been broken. Hence the necessity of a judgment in his favor, and not a mere dismissal.

But this view is most strongly enforced by the consideration of the gross injustice which such a dismissal of the appeal and striking his case from the docket operates to inflict upon the appellee below.

No brief for the appellant has reached the hands of the Reporter.

MORRILL, C. J.—Previous to the April term, 1861, of the Probate Court of Harris county, John W. Waterhouse had been appointed administrator *pro tempore* of the estate of M.

A. Bingham, deceased, and had filed in the court, for probate, a purported will of the deceased.

The probating the will was contested by George C. Bingham, who claimed to be a brother and heir of the deceased, and who had also filed his application for letters of administration of the deceased at a previous term of the court, and had been appointed as such administrator.

At the April term the Probate Court ordered and decreed that Jno. W. Waterhouse, the administrator *pro tempore* heretofore appointed, deliver over to the administrator in chief, George C. Bingham, all the property of said estate in his possession, including the slave girl Sarah, money and other effects.

From the foregoing order to deliver up the slave girl Sarah, and $500 of the money on hand, J. W. Waterhouse appealed and gave bond.

At the District Court this case came on for trial. Waterhouse appeared and filed a statement dismissing his appeal; whereupon the court ordered the appeal to be dismissed at the cost of appellant.

From this judgment the administrator appeals to this court.

The question presented is: could the administrator *pro tempore*, against whom a judgment had been rendered in the County Court, and who had brought his case up to the District Court for revision, dismiss the same at his own volition?

It must be recollected that the administrator, Bingham, was the party in the Probate Court who had caused Waterhouse, administrator *pro tempore*, to appear before the court and make a settlement. At that court he was ordered to deliver the property, as above stated. When the parties appeared in the District Court they occupied the same relative positions of plaintiff and defendant they did in the Probate Court, because the appeal was required to be tried *de novo*. (Art. 1460.)

He had the same right to dismiss or enter a *nolle prosequi* in the case that he had in the Probate Court, and no other; and this right was the same that any defendant has in the District Court to dismiss the case from the docket.

If he meant by dismissing the appeal that he had no defense, the court should have affirmed the judgment of the Probate Court, and also, agreeably to the requirements of Art. 1356, entered a judgment for ten per cent. per month upon the value of the property not delivered according to the order of the Probate Court, from the time of the order of the Probate Court to the time of the judgment of the District Court.

The judgment of the District Court is reversed and remanded.

Reversed and remanded.