Wisehart v. The State.

No. 12,739.

## WISEHART v. THE STATE.

CRIMINAL LAW.—*Appeal from Justice of Peace.*—*Dismissal.*—*Jurisdiction.*—
Upon appeal to the circuit court from a judgment of conviction in a
criminal case before a justice of the peace, the circuit court acquires
complete jurisdiction of the case, and, without its consent, the defend-
ant can not dismiss his appeal.

From the Hancock Circuit Court.

*C. G. Offutt, R. A. Black* and *W. J. Sparks,* for appellant.
*F. T. Hord,* Attorney General, and *W. B. Hord,* for the
State.

MITCHELL, J.—Wisehart was charged with a misdemeanor
and fined by a justice of the peace. He appealed to the cir-
cuit court and entered into recognizance for his appearance
on the first day of the ensuing term, to answer the charge
preferred against him and abide the judgment of the court.
On the first day of the term he appeared and moved the court
to dismiss his appeal. This motion was overruled, and upon
trial he was again found guilty and fined. He brings the
record here on appeal and assigns for error the ruling of the
court in overruling his motion to dismiss his appeal.

It is contended on appellant's behalf that he was entitled
to dismiss his appeal as a matter of right, without assigning
any cause therefor. We think this view of the case can not
be maintained.

Section 1643, R. S. 1881, provides for appeals in criminal
cases before justices of the peace as follows: "Any prisoner
against whom any punishment is adjudged may appeal to the
criminal court, and, if there be none, then to the circuit court
of the county, within ten days after trial, on entering into re-
cognizance for his appearance at the next term of such court,
as in other cases; and such appeal shall stay all proceedings."
Section 1644 prescribes the form of recognizance, and sec-

tion 1645 requires the justice to transmit the recognizance and a transcript of the proceedings, together with all the papers in the case, to the clerk of the proper court. The clerk is required to docket the case for trial. When this is done the cause is then in the court to which the appeal is taken, and is to be disposed of precisely like any other criminal case there pending.

The effect of the appeal is more than a mere stay of the proceedings before the justice. If, as the learned counsel argue, the judgment of conviction before the justice was not vacated by the appeal, the defendant could not be tried a second time while that judgment remained in force. The appeal stays the proceedings before the justice, and it does more, it transfers the whole proceeding to the court to which the appeal is taken, to be disposed of there *de novo.* After the appeal, the case is completely within the jurisdiction of the circuit court, and unless some express authority exists giving the accused the right to dismiss his appeal and authorizing the circuit court to certify the fact back to the justice, that court must dispose of the case as other criminal cases are disposed of. There is no provision in the act regulating criminal procedure before justices of the peace authorizing appeals to be dismissed. Section 1504, R. S. 1881.

Having brought himself voluntarily within the jurisdiction of the circuit court, the appellant could not defeat the jurisdiction of the court to which he appealed without its consent. We think the case is covered in principle by *Wachstetter* v. *State,* 42 Ind. 166.

Judgment affirmed, with costs.

Filed Jan. 5, 1886.