## El Pueblo *v.* Laviosa.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 106.—Resuelto en octubre 30, 1907.

Apelación—Pliego de Excepciones—Relación de Hechos.—A falta de un pliego de excepciones ó relación de hechos que contenga la prueba practicada en el juicio, sólo pueden examinarse en la apelación, los documentos que constituyan el legajo de la sentencia.

Id.—Apelaciones de las Cortes Municipales.—En las apelaciones procedentes de las cortes municipales, las de distrito deben proceder á celebrar el juicio *de novo,* por virtud de la denuncia original, y después de practicadas las pruebas, y oídas las partes, deberán dictar la sentencia que proceda, con entera independencia de la que dictara la corte municipal.

Multa—Costas—Prisión Subsidiaria—Juzgados de Paz—Cortes Municipales.—La prisión subsidiaria que por defecto del pago de multa y costas pueden decretar los juzgados de paz y cortes municipales, ha de imponerse á razón de *un día* por cada *cincuenta centavos* de la multa *y costas* sin que

tengan discreción. dichas cortes y juzgados, para aumentar ó disminuir· el término de prisión así computado, no pudiendo, sin embargo, exceder en totalidad de *noventa días*.

ID.—CORTES DE DISTRITO.—Las cortes de distrito tienen facultades para imponer prisión subsidiaria por defecto del pago de *multa*, que no puede *exceder* de *un día* por cada *dollar* de la multa, pudiendo *ser menor* el término de prisión, sin que tengan facultades dichas cortes para imponer prisión por defecto del pago de *costas*, y sin que pueda exceder, la totalidad de la prisión, del término á que el acusado pueda ser condenado á prisión por el delito de que hubiere sido declarado culpable.

SENTENCIAS EN CAUSAS CRIMINALES.—El cumplimiento de las sentencias dictadas en causas criminales no debe dejarse á voluntad del acusado, y si éste fuere condenado á multa, deberá especificarse *que en defecto del pago de dicha multa* se le reduzca á prisión por el término que sea procedente, ó hasta que la multa fuere satisfecha.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Feliú.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Este es un recurso de apelación interpuesto por el acusado, contra sentencia condenatoria dictada por el Tribunal de Distrito de Mayagüez, por un delito de violación de la ley contra la salud pública. En 24 de diciembre de 1906, el Policía Insular, Herminio P. Pacheco, presentó ante la corte municipal de San Germán, una denuncia contra un tal Rafael Laviosa, imputándole el hecho de haber tenido ardiendo una carbonera durante algunos días anteriores á la fecha de dicha denuncia, y alegando que dicha carbonera constituía un estorbo público en aquella localidad, y producía grandes perjuicios á ciertas personas que estaban en buen estado de salud, así como á otras que estaban enfermas; y al mismo tiempo consignó en la denuncia los nombres de ciertas personas que habían sufrido perjuicios á causa del humo de la referida carbonera.

Se celebró el juicio ante la corte municipal, y el acusado fué condenado al pago de una multa de diez dollars y las costas, y en defecto del pago de dicha multa y costas, á sufrir un día de prisión por cada cincuenta centavos de la suma que dejara de pagar. Contra esta sentencia de la corte municipal,

se interpuso recurso de apelación para ante la Corte de Distrito de Mayagüez, y después de haber celebrado un nuevo juicio, y practicado la prueba, dicha corte dictó la misma sentencia que el tribunal inferior, á saber: una multa de diez dollars ó veinte días de cárcel, y pago de las costas. Contra esta sentencia, se ha interpuesto recurso de apelación, sin presentar en este tribunal pliego de excepciones, ni exposición de hechos. Por supuesto, á falta de un pliego de excepciones, exposición de hechos, ó exposición del caso, según se ha resuelto aquí frecuentemente, no se puede contar con nada más que el simple récord, conteniendo el legajo de la sentencia, ó sea, en el presente caso, la denuncia y la misma sentencia.

En el caso de que se trata, el tribunal de distrito, al igual de lo que á las mismas cortes ha sucedido en otros casos, parece haber tenido un concepto equivocado de sus funciones, y haberse considerado como una corte de revisión y apelación, es decir, dicho tribunal parece haber creído que tenía autoridad y que le incumbía examinar, revisar y corregir, y luego revocar ó confirmar las sentencias de los tribunales inferiores, ó sean las cortes municipales y juzgados de paz. Tales no son las atribuciones del tribunal de distrito en casos de esta índole. Está bien establecido por la ley, el que en tales casos la corte de distrito debe proceder á juzgar la causa nuevamente, sin hacer caso del juicio celebrado ni de la prueba practicada en la corte municipal. Código de Enjuiciamiento Criminal, sección 3. Es verdad que se juzga la causa, en virtud de la denuncia presentada en la corte municipal, y que tal vez se oyen las declaraciones de los mismos testigos; pero puede haber más testigos ó menos, según lo exijan las circunstancias. El tribunal de distrito, después de haber oído todas las alegaciones y pruebas y los informes orales de los letrados, y de haber practicado las demás diligencias que sean necesarias para informarse de una manera fidedigna acerca de los hechos y la ley que rige en el caso, debe dictar su fallo enteramente independiente de cualquiera resolución dictada por el tribunal inferior. Nosotros hemos declarado anteriormente que

esta es la práctica que procede, en el caso del *Pueblo de Puerto Rico* v. *Pascasio Rivera,* y en dos casos en que se han dictado sentencias en este Tribunal, durante el presente mes.

Del examen de los autos aparece que sólo un error ha sido cometido por el tribunal de distrito, y ese error puede corregirse aquí, sin necesidad de devolver la causa al tribunal inferior. El tribunal de distrito, al imponer la pena alternativa de prisión, en el caso de que no se pagase la multa y las costas, fijó dicha prisión á razón de un día por cada 50 centavos del importe de la multa. Esta es la misma proporción ó tipo fijado por la corte municipal. En la corte municipal esto era correcto, pero nó en el tribunal de distrito. Dos reglas diferentes sirven de gobierno á dichos tribunales en este asunto. Dichas reglas se encuentran en las secciones 54, 322 y 323 del Código de Enjuiciamiento Criminal, y han sido establecidas y explicadas por este tribunal, en cinco casos á lo menos, en que se han dictado sentencias y emitido opiniones, y son las siguientes:

"*Guadalupe Andino, Ex Parte,* resuelto en 20 de mayo, 1905.

"*Benito Delgado, Ex Parte,* resuelto en 25 de abril, 1907.

"*El Pueblo de Puerto Rico* v. *Gabriel Díaz,* resuelto en 6 de mayo, 1907.

"*El Pueblo de Puerto Rico* v. *José Maiz,* resuelto en 2 de junio, 1907.

"*El Pueblo de Puerto Rico* v. *Manuel M. Paz,* resuelto en 29 de junio, 1907."

La regla que deben observar los Jueces de Paz y las cortes municipales, se encuentra en el artículo 54 del Código de Enjuiciamiento Criminal, que dice lo siguiente:

"Cuando se dicte sentencia contra el acusado, imponiéndosele multa y el pago de las costas del juicio, si dejare de hacerlas efectivas inmediatamente, el juez ordenará que se le detenga en prisión, á razón de un día por cada cincuenta centavos de multa y costas que dejare de pagar, siempre que la totalidad de dicha prisión no excediere de noventa días."

Parece que dichos tribunales están obligados á fijar la multa y luego computar la prisión alternativa en el caso de que no se paguen la multa y las costas, á razón de un día por cada cincuenta centavos de la suma total de la multa y costas, y que no se les concede ninguna discreción para señalar una prisión que sea mayor ni menor que la que resulte del tipo ó proporción anteriormente mencionada; disponiéndose, por supuesto, según lo prescrito por la ley, que la prisión no deberá exceder de noventa días; es decir, si la multa y las costas importan más de cuarenta y cinco dollars, la prisión no debe computarse en la misma proporción, sino deberá limitarse á un período de noventa días, cualquiera que sea el importe de la multa y las costas.

La regla prescrita para la imposición de la prisión alternativa por la corte de distrito, se halla establecida en los artículos 322 y 323 del Código de Enjuiciamiento Criminal, cuyos artículos dicen lo que sigue:

"Artículo 322. Un fallo en que el acusado sea condenado á pagar una multa, puede también disponer que se le reduzca á prisión hasta que la multa sea satisfecha. Pero la sentencia habrá de determinar la duración de la prisión, que no debe exceder de un día por cada dollar de multa, ni pasar más allá del término á que pudiere ser sentenciado á prisión el acusado, por el delito de que ha sido convicto.

"Artículo 323. Siempre que cualquier acusado haya sido recluído en la cárcel por falta de pago de multa y costas á que hubiere sido condenado, y haya dejado de probar á satisfacción del tribunal ó de un juez del mismo, que no puede satisfacer ni el todo ni parte de dicha multa y costas, el tribunal debe ordenar que se le excarcele, después de haber cumplido la condena de un día por cada dollar de la multa impuesta; pero esto no le releva de cumplir la sentencia á pagar la multa y costas, que en cualquier tiempo después, dentro del término fijado por la ley, pueden ser hechas efectivas por medio de ejecución expedida contra bienes de su propiedad."

La proporción fijada en dichos artículos, es la de un día por cada dollar, hasta el importe total de la multa; disponiéndose que la prisión en ningún caso debe exceder del término

por el cual un acusado pueda ser condenado á prisión, por el delito del cual haya sido declarado culpable. Se observará que en el tribuanl de distrito no se toman en cuenta las costas, como sucede en los Juzgados de Paz, y á los tribunales de distrito también se les concede alguna discreción en el asunto, que les da la facultad de fijar la prisión en cualquier período que sea menor que el que resultaría computándose la prisión á razón de un día por cada dollar del importe de la multa; disponiéndose, por supuesto, que dicha prisión no debe exceder del citado importe ni del período por el cual pudiera ser sentenciado el acusado, al ser declarado culpable, según se ha dicho anteriormente.

El fiscal, en su informe oral, cita dos secciones del Código Penal de California, á saber: las secciones 1446 y 1205, manifestando que el primero, es idéntico al artículo 54 de nuestro Código de Enjuiciamiento Criminal, y el segundo, al 322 del mismo Código. Esta afirmación es inexacta. La sección 1446 del Código Penal de California, es muy distinta del artículo 54 de nuestro Código de Enjuiciamiento Criminal, como se verá, comparando dicha sección con el expresado artículo. Sin embargo, la sección 1205 del Código Penal de California, es sustancialmente idéntica al artículo 322 del Código de Enjuiciamiento Criminal de Puerto Rico, siendo la única diferencia, la sustitución de un dollar en el Código de Puerto Rico, en vez de dos dollars en el Código de California.

El Letrado defensor del Estado, también cita el caso de *Erdman, Ex parte,* en 88 Cal., 580, en cuyo caso se interpreta la sección 1205 del Código Penal de dicho Estado. Con esa opinión estamos enteramente de acuerdo, y anteriormente hemos dictado decisiones de conformidad con la misma. Pero él también cita el caso de *Soto, Ex parte,* 88 Cal., 624, que fué resuelto por un tribunal dividido, reproduciendo la opinión emitida por el Presidente del tribunal, Beatty, con cuya opinión estaban de acuerdo los Jueces Asociados Paterson y Mc-Farland, que declararon que la sección 1446 del Código Penal de California, concede á un Juez de Paz ó Juez municipal la

discreción de fijar cualquier tipo de prisión dentro del máximun prescrito por la ley, ó sea un día de prisión por cada dollar de la multa. De esta opinión, los Jueces Asociados De-Haven y Harrison disintieron en cuanto se refería á la interpretación de la ley; pero ellos estuvieron conformes con que la resolución del tribunal, devolviendo el acusado (á la prisión), debía sostenerse, puesto que la sentencia era solamente anulable, y no nula. Sin embargo, el Juez Asociado, Garoutte, disintió enteramente del dictamen del tribunal, basando su disensión en los casos de *Bernert, Ex parte,* 62 Cal., 524, y *Baldwin, Ex parte,* 60 Cal., 435. No es necesario discutir estás opiniones, puesto que, según nuestro parecer, hay razones para sostener que la sección 1446 del Código Penal de California, confiere discreción al tribunal; pero esto no nos induce á declarar que el artículo 54 de nuestro Código de Enjuiciamiento Criminal, también la confiera. Nuestra ley es clara y no necesita interpretación; y en tales casos, la ley por lo general resulta más clara que el dictamen del tribunal que trata de interpretarla.

Hay una diferencia muy substancial entre el lenguaje empleado en el artículo 54, y el que se usa en la sección 322 de nuestro Código de Enjuiciamiento Criminal. En esta última sección, se confiere una discreción, pero no se concede discreción alguna en la sección anterior, ó sea la 54. Si se hubiera tenido la intención de conferir discreción en ambos casos, se hubiera empleado las mismas palabras. No podemos considerar los casos de California como autoridades que deban regular el presente caso.

En el caso de que se trata, la prisión impuesta por el tribunal inferior, es de veinte días en vez de diez días, que es la prisión máxima señalada por las secciones del Código de Enjuiciamiento Criminal, citadas anteriormente. Esto es manifiestamente erróneo.

También ha llamado la atención de este tribunal, el que en muchos de estos casos, en efecto, en casi todos, la forma de la sentencia dictada por los tribunales de distrito, así como por

las cortes municipales y Juzgados de Paz, es demasiado breve para ser clara. Por ejemplo, en el presente caso, la corte de distrito declara á "Rafael Laviosa culpable, y, por lo tanto, le condena á la pena de diez dollars de multa ó veinte días de cárcel y costas." Dicha corte debía decir que "habiéndose declarado culpable á Rafael Laviosa, se le condena, por tanto, á pagar al Pueblo de Puerto Rico una multa de diez dollars y todas las costas de este procedimiento; y si dejare de pagar inmediatamente dicha multa, será detenido en la cárcel de distrito durante un período de diez días, ó hasta que la multa sea completamente satisfecha." Empleándose una forma idéntica ó semejante á la indicada, aparecerá claramente que la prisión es una pena alternativa por la falta de pago de la multa, lo que debe ser, con arreglo á la ley y según la intención de la misma.

En el caso de que se trata, debe reformarse la sentencia en el sentido de fijar la prisión alternativa del acusado, en diez días en vez de veinte, de acuerdo con lo dispuesto por el tribunal inferior.

Por las razones expuestas en la presente, la sentencia de este Tribunal Supremo, debe dictarse al efecto de que se modifique la dictada por la corte de distrito, en la forma indicada anteriormente, y que después de tal modificación, sea confirmada con las costas al apelante.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociaciados, Hernández, Figueras y Wolf.