## Dressman v. Commonwealth, for use, etc.

(Decided October 3, 1924.)

### Appeal from Letcher Circuit Court.

Criminal Law—Accused in Circuit Court had no Right to Dismiss Appeal Prosecuted by Him from Police Court.—Accused in circuit court had no right to dismiss appeal prosecuted by him to that court from police court, in view of Criminal Code of Practice, section 366, providing for trial de novo; circuit court on such appeals not being court of purely appellate jurisdiction, but only trial court.

HARRY L. MOORE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant was charged in the Neon police court with unlawful possession of intoxicating liquor, and upon his trial therein was found guilty and the minimum penalty of $100.00 and thirty days in jail adjudged against him.

He prosecuted an appeal from that judgment to the Letcher circuit court and took all necessary steps to perfect that appeal, and the same was docketed in that court.

Upon the calling of the case for trial in that court, but before the jury was impaneled and sworn, he entered his motion to dismiss the appeal which he had prosecuted, and without consent or objection by the attorney for the Commonwealth the court overruled his motion, proceeded with the trial, and he was again found guilty and his punishment fixed at a fine of $300.00 and sixty days in jail.

This appeal from the latter judgment raises the single question whether appellant in the circuit court had the right to dismiss the appeal prosecuted by him to that court from the police court.

Appeals in misdemeanor cases from inferior to circuit courts are in the latter tried *de novo*. (Section 366, Criminal Code.) In the circuit court the trial proceeds in all respects as if the prosecution had originated there; evidence must be introduced, the defendant must be shown by competent evidence to be guilty before he may convicted, and he has the same right, and no more, he

would have had if the prosecution had been originated in that court. The circuit court on such appeals is therefore not a court of purely appellate jurisdiction, but under the provisions of the Code referred to is, notwithstanding its statutory jurisdiction of the appeal, only a trial court. Its authority is not limited to passing upon any alleged errors committed by the inferior court, but it in all respects had charge of the case as if no trial had previously taken place.

It is apparent, therefore, that a different question is presented where an appeal when prosecuted from an inferior to the circuit court stands for trial in the latter court just as if no trial had ever taken place, and an appeal taken from a trial court to a court of purely appellate jurisdiction where there could be inquired into and passed upon only errors of the trial court, and where there could be no trial anew.

The general rule appears to be, both in criminal and civil cases, that where one prosecutes his appeal from a trial court to a court of purely appellate jurisdiction, he as a matter of right may dismiss his appeal in the appellate tribunal unless by so doing the rights of the appellee are thereby affected. The reason of this is that he may at any time waive his right of appeal and elect to accept the judgment of the trial court as final.

But where he prosecutes an appeal from one inferior court to another, and in the latter court the whole matter is to be tried anew, when that court properly has the whole case before it for hearing as if it had never been heard in any other tribunal, there is no more reason that the one prosecuting the appeal should control the course of the litigation, and as a matter of right have his appeal dismissed, than there would be if the case had originated in the court to which he appealed it.

Manifestly if a prosecution is pending in a court where it originated and has never been tried, the defendant, as a matter of right, could not have it dismissed; then if it be pending in a court to which he has taken it by appeal, but where it must proceed as if there originally started, and tried as if there had been no previous trial, how can he have any greater right? The situation, so far as the court and the parties are concerned, was just as if the prosecution had started in that tribunal.

The distinction between the right to dismiss appeals taken from a trial court to a purely appellate tribunal,

KENTUCKY REPORTS. [Vol. 204.

and those taken from an inferior trial court to another trial court where it is to be tried anew, while never considered in this court, has been often pointed out in courts of other states.

In 2 R. C. L., section 144, it is said:

"Again where on appeal to an inferior tribunal by a defendant the trial is to be had anew, the appellant occupies the same relative position of defendant, and has no greater right to have the appeal dismissed on his own motion than he had to have it discontinued below."

The case of Wisehart v. The State, 104 Ind. 407, was precisely like this. There defendant was convicted of a misdemeanor before a justice of the peace, and prosecuted his appeal to the circuit court. In that court he entered his motion to dismiss the appeal and it was denied. In Indiana as in this state there was no statutory authority for the dismissal of such appeals. The court in affirming the action of the circuit court in overruling his motion, said:

"The appeal stays the proceedings before the justice, and it does more, it transfers the whole proceeding to the court to which the appeal is taken, to be disposed of there *de novo*. After the appeal, the case is completely within the jurisdiction of the circuit court, and unless some express authority exists giving the accused the right to dismiss his appeal and authorizing the circuit court to certify the fact back to the justice, that court must dispose of the case as other criminal cases are disposed of."

See also Bingham v. Waterhouse, 32 Texas 468, and note to Hart v. R. R. Co., 2 Ann. Cases 795.

The whole case being at the time under control of the circuit court as if had originated there, we are of opinion appellant, as matter of right, might not dismiss his appeal, and that the court did not abuse its discretion in refusing him the right to do so.

Judgment affirmed.