ALFREDO JOSÉ JIMÉNEZ, Petitioner, *v.* DISTRICT
COURT OF SAN JUAN, Respondent.

No. 1217.   Argued July 22, 1940.—Decided July 26, 1940.

*Víctor Rivera Colón* for petitioner.   *R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for The People, plaintiff in the main action.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Alfredo José Jiménez applied to this Supreme Court for a writ of certiorari directing the sending up of the record of the proceedings—case No. 15,595—taken against him for the crime of assault in order to review an order of the District Court of San Juan, whereby said court denied his motion to dismiss the appeal which he had taken from the judgment rendered by the Municipal Court of San Juan in the same proceeding.

The writ having been issued, the parties were heard on the afternoon of the 22d of this instant July. From the record it appears that the petitioner was tried and convicted in said municipal court, on a charge of assault, and sentenced to pay a fine of fifteen dollars; that he took an appeal to the municipal court; and that on the day of the trial *de novo,* set in accordance with the Act of May 14, 1940, he presented to the court a motion which reads thus:

"That before this case was called for trial before the Hon. District Court of San Juan, the defendant moved the Hon. Judge of the District Court to allow the withdrawal of his appeal, as he desired to pay the fine imposed by the Hon. Municipal Court of San Juan.

"And now, by the present motion, the defendant ratifies his verbal motion in all its parts and prays that this Hon. Court order said appeal dismissed and that the judgment of the Hon. Municipal Court, Second Section, be allowed to stand for the execution thereof."

The district court denied said motion, proceeded to hold the trial, and in consequence thereof sentenced the defendant to pay a fine of fifty dollars.

At the hearing of the appeal in this Supreme Court there appeared the petitioner represented by his counsel and the prosecuting attorney of this court, who opposed the appeal and cited in support of the order sought to be reversed the decisions in *Rivera et al.* v. *Tous Soto, District Judge,* 11 P.R.R. 73; *People* v. *Fariza,* 15 P.R.R. 603; and *People* v. *Sánchez,* 16 P.R.R. 682. The petitioner cited no provision of law or decision in support of his contention. He based the latter on the general control which every appellant has over his appeal, to prosecute it to a final determination, or to formally withdraw or dismiss it as was done in the present case.

Indeed, in 3 Am. Jur. 321, sec. 747, it is said:

"In the absence of a statute expressly or impliedly prohibiting the withdrawal of an appeal or error proceeding, an appellant or plaintiff in error may dismiss his appeal or writ of error, unless the latter will be prejudiced thereby...."

But further on it is said:

"The general rule is, however, subject to certain exceptions. For example,...where, on appeal to an inferior tribunal by a defendant, a trial *de novo* is to be had, the appellant occupies the same relative position of defendant and has no greater right to have the appeal dismissed on his own motion than he had to have it discontinued below."

Many years ago this Supreme Court, in the case of *People* v. *Fariza,* 15 P.R.R. 603, 604, said:

"Upon an examination of the judgment appealed from in connection with the complaint, we find that no error has been committed, and the *fiscal* of this court only has called our attention to the

manner in which the judgment rendered by the District Court of Arecibo affirming the judgment of the municipal court is drawn.

"To so affirm the judgment in this case was in all respects improper, because as the law provides that district courts shall proceed in all cases of appeal from municipal courts to try the case *de novo*, judgments rendered by such courts on appeal cannot be deemed to be based upon the merits of the proceedings had in the municipal courts and, therefore, the district courts must proceed to render judgment in accordance with its findings from the proceedings held therein, without reference to the judgment from which the appeal is taken.

"This doctrine has been established in the following cases: *The People* v. *Rivera,* 13 P. R. Rep., 192; *The People* v. *Rivera,* 13 P. R. Rep., 193; *The People* v. *Negroni,* 13 P. R. Rep., 198; *The People* v. *Laviosa,* 13 P. R. Rep., 203; *The People* v. *Maldonado,* 13 P. R. Rep., 248; *The People* v. *Olivieri,* 13 P. R. Rep., 280. .

On the following year, in the case of *The People* v. *Sánchez,* 16 P.R.R. 682, 683, also cited by the prosecuting attorney, this court confirmed its previous holding, thus:

"The District Court of Ponce imposed a greater punishment on the accused than that imposed by the municipal court of Yauco, and we think in so doing it acted within the powers conferred upon it by law.

"In cases of appeals from municipal courts to district courts, the latter should not confine their action to a reversal or affirmance of the judgment appealed from, but they must decide the case on the pleadings and the evidence. 'All cases that are triable before the justices of the peace, or before the municipal courts, when appealed to the district court, shall be tried on the original complaint and warrant, and the trial in the district court shall be *de novo.* (Sec. 3 of the Code of Crim. Proc., as amended by the Act of March 28, 1904, Laws of P. R., 1905, p. 10.)

"Upon an examination of the complaint or warrant, which is the basis of the proceeding, and the plea of the defendant, district judges will consider the evidence introduced before them and decide the case on its merits and, in the exercise of a sound discretion, pronounce judgment thereon."

Those decisions point to a solution of the procedural question involved in the sense in which it was determined by the district court, but they do not decide it directly.

The text above quoted from American Jurisprudence is based, as regards the exception, on the case of *Dressman* v. *Commonwealth,* 204 Ky. 668, 265 S.W. 3, wherein the question is so thoroughly considered and decided that it leaves no room for conflicting interpretations. There the appellant was charged in the Neon Police Court with unlawful possession of intoxicating liquor, and upon being tried was found guilty and sentenced to pay a fine of $100 and to be confined 30 days in jail. He appealed to the Letcher Circuit Court, and perfected his appeal, which was docketed in that court. Upon the case being called for trial, the appellant entered a motion to dismiss the appeal which he had prosecuted. The court, without consent or objection by the prosecuting attorney, overruled the motion, proceeded to try the defendant, who was again found guilty, his punishment being fixed at a fine of $300 and 60 days in jail. The case was taken on appeal to the state Court of Appeals, which declared and held thus:

"Appeals in misdemeanor cases from inferior to circuit courts are in the latter tried *de novo.* (Section 366, Criminal Code.) In the circuit court the trial proceeds in all respects as if the prosecution had originated there; evidence must be introduced, the defendant must be shown by competent evidence to be guilty before he may be convicted, and he has the same right, and no more, he would have had if the prosecution had been originated in that court. The circuit court on such appeals is therefore not a court of purely appellate jurisdiction, but under the provisions of the Code referred to is, notwithstanding its statutory jurisdiction of the appeal, only a trial court. Its authority is not limited to passing upon any alleged errors committed by the inferior court, but it in all respects had charge of the case as if no trial had previously taken place.

"It is apparent, therefore, that a different question is presented where an appeal when prosecuted from an inferior to the circuit court stands for trial in the latter court just as if no trial had ever taken place, and an appeal taken from a trial court to a court of purely appellate jurisdiction where there could be inquired into and passed upon only errors of the trial court, and where there could be no trial anew.

"The general rule appears to be, both in criminal and civil cases, that where one prosecutes his appeal from a trial court to a court of purely appellate jurisdiction, he as a matter of right may dismiss his appeal in the appellate tribunal unless by so doing the rights of the appellee are thereby affected. The reason of this is that he may at any time waive his right of appeal and elect to accept the judgment of the trial court as final.

"But where he prosecutes an appeal from one inferior court to another, and in the latter court the whole matter is to be tried anew, when that court properly has the whole case before it for hearing as if it had never been heard in any other tribunal, there is no more reason that the one prosecuting the appeal should control the course of the litigation, and as a matter of right have his appeal dismissed, than there would be if the case had originated in the court to which he appealed it."

To the same effect is the holding of the Supreme Court of Indiana in the case of *Wiseheart* v. *State,* 104 Ind. 407, 4 N.E. 156, 157, thus:

"It is contended on appellant's behalf that he was entitled to dismiss his appeal as a matter of right, without assigning any cause therefor. We think this view of the case can not be maintained.

"* * * * * * *

"The effect of the appeal is more than a mere stay of the proceedings before the justice. If, as the learned counsel argue, the judgment of conviction before the justice was not vacated by the appeal, the defendant could not be tried a second time while that judgment remained in force. The appeal stays the proceedings before the justice, and it does more, it transfers the whole proceeding to the court to which the appeal is taken, to be disposed of there *de novo.* After the appeal, the case is completely within the jurisdiction of the circuit court, and unless some express authority exists giving the accused the right to dismiss his appeal and authorizing the circuit court to certify the fact back to the justice, that court must dispose of the case as other criminal cases are disposed of. There is no provision in the act regulating criminal procedure before justices of the peace authorizing appeals to be dismissed. Section 1504, R. S. 1881.

"Having brought himself voluntarily within the jurisdiction of the circuit court, the appellant could not defeat the jurisdiction of the court to which he appealed without its consent."

By reason of all the foregoing, the writ issued must be discharged and the case remanded to the District Court of San Juan.

Mr. Justice De Jesús took no part in the decision of this case.