ALFREDO JOSÉ JIMÉNEZ, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. RICARDO LA COSTA, JR., JUEZ, demandada.

Núm. 1217.—*Sometido:* Julio 22, 1940. *Resuelto:* Julio 26, 1940.

*Víctor Rivera Colón,* abogado del peticionario; *R. A. Gómez, Fiscal,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, demandante en la causa principal.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Alfredo José Jiménez acudió a esta Corte Suprema en solicitud de que ordenara la expedición de un auto de *certiorari* reclamando la causa número 15,595 seguida en su contra por el delito de acometimiento, a fin de revisar cierta

resolución de la Corte de Distrito de San Juan por virtud de la cual dicha corte se negó a tenerlo por desistido de la apelación que para ante ella interpuso contra la sentencia dictada en la misma causa por la Corte Municipal de San Juan.

Expedido el auto, se oyó a las partes en la tarde del 22 de julio en curso. Del expediente resulta que denunciado el peticionario ante la corte municipal, fué juzgado por un delito de acometimiento y declarado culpable y condenado a pagar una multa de quince dólares, que apeló para ante la corte del distrito y que señalado el nuevo juicio que ordena la ley para mayo 14, 1940, ese mismo día presentó a la corte una moción que dice:

"Que antes de ser llamado el caso ante la Hon. Corte de Distrito de San Juan el acusado solicitó del Hon. Juez de la corte de distrito que se daba por desistido de la apelación y deseaba pagar la multa de la Hon. Corte Municipal de San Juan.

"Y ahora mediante la presente moción el acusado ratifica en todas sus partes su moción verbal y solicita del Hon. Tribunal lo dé por desistido de la apelación y se deje para su cumplimiento la sentencia de la Hon. Corte Municipal de San Juan, Sección Segunda."

La corte de distrito declaró la moción sin lugar, procedió a la celebración del juicio y de acuerdo con el resultado del mismo dictó sentencia condenando al acusado a pagar cincuenta dólares de multa.

Al acto de la vista del recurso ante esta Corte Suprema comparecieron el peticionario por su abogado y el fiscal de este tribunal, quien se opuso citando en apoyo de la resolución cuya revisión se pide los casos de Rivera et al. v. Tous Soto, Juez de Distrito, 11 D.P.R. 96; El Pueblo v. Fariza, 15 D.P.R. 618 y El Pueblo v. Sánchez, 16 D.P.R. 718. El peticionario no se refirió a precepto de ley o jurisprudencia algunos en apoyo de su contención. Basó ésta en el control general que todo apelante tiene sobre el recurso que interpone

para proseguirlo hasta el fin, abandonarlo o desistir de él formalmente como lo había hecho en el presente caso.

En efecto, como se dice en 3 Am. Jur. 321, sec. 747:

"En ausencia de un estatuto que expresa o implícitamente, prohiba el desistir de una apelación o procedimiento de error, un apelante o demandante en error puede desistir de su apelación o auto de error, sin tomar en consideración el consentimiento del apelado, a menos que este último resulte perjudicado por ello...."

Pero se continúa diciendo:

"La regla general, sin embargo, está sujeta a varias excepciones. Por ejemplo,....cuando en apelación interpuesta por un acusado para ante un tribunal inferior, debe celebrarse un juicio *de novo*, el apelante ocupa la misma posición relativa de un acusado y no tiene un mayor derecho a que a moción suya se dé por desistida la apelación que el que tuvo para suspenderla en la corte inferior."

Desde hace muchos años esta propia Corte Suprema, en el caso de *El Pueblo* v. *Fariza*, 15 D.P.R. 618, 619, citado por el fiscal, se expresó así:

"Examinada la sentencia apelada en relación con la denuncia, no encontramos que se haya cometido error alguno y sólo se ha llamado nuestra atención por el fiscal de esta corte sobre la forma de redacción de la sentencia que dictó la Corte de Distrito de Arecibo confirmando la pronunciada por la corte municipal.

"Tal confirmación es a todas luces improcedente, pues disponiendo la ley que las cortes de distrito procederán en las apelaciones procedentes de las cortes municipales, a celebrar un juicio *de novo*, las sentencias dictadas por aquellas cortes, por virtud de las referidas apelaciones, no pueden estimarse fundadas en los méritos de los procedimientos seguidos ante las cortes municipales, y en su virtud deben las cortes de distrito proceder a dictar sentencia con arreglo a las resultancias de sus propias actuaciones, y sin referencia alguna a las sentencias que fueron objeto de apelación.

"Ya hemos establecido esa doctrina en los siguientes casos: *El Pueblo* v. *Rivera,* resuelto en octubre 11, 1907 (13 D.P.R. 198); *El Pueblo* v. *Rivera,* resuelto en octubre 14, 1907 (13 D.P.R. 199); *El Pueblo* v. *Negroni,* resuelto en octubre 24, 1907 (13 D.P.R. 203); *El Pueblo* v. *Laviosa,* resuelto en octubre 30, 1907 (13 D.P.R. 208);

*El Pueblo* v. *Maldonado,* resuelto en diciembre 2, 1907 (13 D.P.R. 256); *El Pueblo* v. *Olivieri,* resuelto en diciembre 6, 1907 (13 D.P.R. 283).'' (Paréntesis nuestros)

Y al año siguiente en el caso de *El Pueblo* v. *Sánchez,* 16 D.P.R. 718, 719, también citado por el fiscal, reafirmó su criterio como sigue:

"La Corte de Distrito de Ponce impuso al acusado una pena superior a la impuesta por la corte municipal de Yauco y nosotros creemos que al actuar así, obró dentro de las atribuciones que la ley le confería.

"En casos de apelaciones de las cortes municipales para ante las cortes de distrito, éstas no deben limitarse a revocar o a confirmar la sentencia apelada, sino que deben juzgar y decidir el caso por las resultancias de las alegaciones y las pruebas. 'Todas las causas en que deben entender los jueces de paz o municipales, cuando se apelan a la corte de distrito, serán juzgadas atendiendo a la primitiva denuncia o auto judicial, procediéndose de nuevo al juicio en la corte de distrito,' dice el artículo 3 del Código de Enjuiciamiento Criminal, tal como quedó enmendado por la ley de 28 de marzo de 1904, Leyes de P. R., 1905, página 15.

"Examinada la denuncia o auto judicial, base del procedimiento, y la alegación del acusado, los jueces de distrito estudiarán la prueba que ante ellos se practique y decidirán el caso por sus propios méritos, usando de su sana discreción al imponer la pena.''

Indican esos casos el camino a seguir para la resolución del problema de procedimiento planteado en el sentido en que fué resuelto por la corte de distrito, pero no lo deciden de modo directo.

El texto de American Jurisprudence citado anteriormente se basa en cuanto a la excepción en el caso de *Dressman* v. *Commonwealth,* 204 Ky. 668, 265 S. W. 3, que estudia y decide el problema de modo tan completo que no deja lugar a interpretaciones varias. En dicho caso se acusó al apelante ante la Corte Policíaca de Neon de poseer ilegalmente licor intoxicante, y celebrado el juicio, fué declarado culpable y sentenciado a pagar multa de $100 y a cumplir 30 días de cárcel. Apeló para ante la Corte de Circuito de

Letcher, perfeccionando su apelación y siendo la misma señalada en el calendario de esa corte. Al ser llamado el caso para juicio, el apelante radicó una moción en la cual desistía de la apelación por él interpuesta. La corte, sin consentimiento u objeción del fiscal, declaró sin lugar la moción, procedió a celebrar el juicio y de nuevo declaró culpable al acusado, condenándolo a pagar una multa de $300, y a cumplir 60 días de cárcel. Se llevó el caso a la Corte de Apelaciones del Estado y dicha corte dijo y resolvió:

"Apelaciones en casos de *misdemeanor* provenientes de cortes inferiores para ante cortes de circuito, se celebran en éstas *de novo*. Art. 366, Cr. Code Prac. En la corte de circuito el juicio se sigue en todo respecto como si el proceso se hubiera originado allí; debe ofrecerse evidencia; debe demostrarse por medio de prueba competente que el acusado es culpable antes de que pueda ser convicto; y él tiene igual derecho y no más, que el que hubiese tenido si el proceso se hubiese originado en esa corte. La corte de circuito en tales apelaciones no es, por tanto, una corte meramente de jurisdicción apelativa, sino que en armonía con los artículos del Código a que hemos hecho referencia es, no empece su jurisdicción estatutaria de la apelación, solamente una corte juzgadora (*trial court*). Su autoridad no está limitada a pasar sobre algunos errores imputados a la corte inferior, sino que ella tenía en todo respecto el caso a su cargo como si no se hubiese celebrado un juicio previamente.

"Resulta aparente, por tanto, que se presenta una cuestión diferente cuando una apelación que se establece de una corte inferior para ante la corte de circuito viene a juicio en esta última tal como si nunca se hubiese celebrado un juicio anteriormente y una apelación entablada de una corte juzgadora (*trial court*) para ante una corte de jurisdicción puramente apelativa en la cual podía inquirirse y considerar solamente los errores de la corte sentenciadora y donde no podía celebrarse un juicio *de novo*.

"La regla general parece ser, tanto en casos criminales como civiles que cuando una persona prosigue su apelación de una corte sentenciadora para ante una corte de jurisdicción puramente apelativa, esa persona por su propio derecho puede desistir de su apelación en la corte de apelación a menos que al hacer tal cosa los derechos del apelado resulten afectados. La razón para esto es que ella puede en cualquier momento renunciar su derecho de apelación y aceptar la sentencia de la corte juzgadora como definitiva. Pero

cuando esa persona prosigue una apelación de una corte inferior para ante otra y en esta última deberá juzgarse el caso de nuevo, cuando esa corte tiene todo el caso ante ella para juzgarlo como si nunca se hubiese fallado en ningún otro tribunal no existe mayor razón para que la persona que prosigue la apelación controle el curso del litigio y, como una cuestión de propio derecho, desista de su apelación, que habría si el caso se hubiese originado en la corte para ante la cual esa persona lo apeló.''

En igual sentido se expresó la Corte Suprema de Indiana en el caso de *Wiseheart* v. *State,* 104 Ind. 407, 4 N. E. 156, 157.

''Alega el apelante que él tenía derecho a desistir de su apelación por propio derecho (*as a matter of right*) y no señala ninguna otra causa. Creemos que este criterio sobre el asunto no puede prevalecer.
''.     .     .     .     .     .     .     .

''El efecto de la apelación es más de una mera suspensión de los procedimientos ante el juez de paz. Si, como alega el ilustrado letrado, la sentencia condenatoria del juez no fué anulada (*vacated*) por la apelación, el acusado no podía ser juzgado por segunda vez mientras esa sentencia estuviera en vigor. La apelación suspende los procedimientos habidos ante el juez de paz y hace más, transfiere todo el procedimiento a la corte para ante la cual se apela, para allí ser resuelto mediante juicio de novo. Después de la apelación, el caso se halla completamente dentro de la jurisdicción de la corte de circuito, y a menos que exista alguna autoridad que expresamente conceda al acusado el derecho a desistir de su apelación y autorizando a la corte de circuito para certificar ese hecho al juez de paz, esa corte debe disponer del caso en igual forma que se resuelven otros casos criminales. No hay ningún artículo en la ley regulando el procedimiento criminal ante los jueces de paz, que permita el desistir de apelaciones. Artículo 1504 R. S. 1881.

''Habiéndose puesto él mismo voluntariamente dentro de la jurisdicción de la corte de circuito el apelante no podía destruir (*defeat*) la jurisdicción de la corte para ante la cual él apeló, sin el consentimiento de este tribunal.''

*Por virtud de todo lo expuesto, debe anularse el auto expedido y devolverse la causa a la Corte de Distrito de San Juan.*

El Juez Asociado Sr. De Jesús no intervino.