No. 44,283

THE STATE OF KANSAS, *Appellant*, v. JAMES E. COLLINS, *Appellee*.

(408 P. 2d 639)

Opinion filed December 11, 1965.

*Richard J. Rome*, County Attorney, of Hutchinson, argued the cause, and *Raymond F. Berkley* and *Lane H. Cronhardt*, Assistant County Attorneys, of Hutchinson, were with him on the brief for the appellant.

*Abraham Weinlood, Bill R. Cole, D. Stewart Oswalt*, and *John H. Shaffer*, all of Hutchinson, were on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This is an appeal by the State of Kansas, pursuant to K. S. A. 62-1703, from an adverse ruling of the District Court of Reno County, Kansas. For convenience, the appellant will be referred to as the state, and the appellee as the defendant.

The material facts are not in dispute. On December 2, 1964, a complaint, containing three counts, was filed against the defendant in the City Court of Hutchinson, Kansas. Count I charged the defendant with being drunk on public highway U. S. 50, 1.5 miles west of Hutchinson, on or about September 26, 1964; Count II charged that, at the same time and place, the defendant drove a motor vehicle while under the influence of intoxicating liquor; and Count III charged defendant with failing to drive at a reduced speed when approaching and going around a curve.

Upon trial in city court, the defendant was found guilty of Counts I and II and sentenced accordingly; on Count III, he was found

not guilty. From his conviction, the defendant appealed to district court. The matter first stood for trial at the January 1965 term of court, but was continued over that term because the state was unable to subpoena an essential witness.

At the April term, the defendant, through counsel, moved to dismiss his appeal as to Count I, but not as to Count II. The state objected to this motion. After hearing arguments and taking the matter under advisement, the trial court entered judgment sustaining defendant's motion to dismiss his appeal on Count I and further ruled that, upon such dismissal, the sentence imposed by the city court on Count I precluded the state from further prosecuting the defendant on Count II. The latter ruling was predicated on the theory that double jeopardy was involved under the decision of *State v. McLaughlin*, 121 Kan. 693, 249 Pac. 612.

The state takes a jaundiced view of the court's ruling, the obvious net effect of which is to release the defendant entirely from the charge of driving while intoxicated. Two errors are specified: First, that the trial court erred in sustaining the defendant's motion to dismiss his appeal as to Count I, and second, that the court erred in ruling that, upon the dismissal of the defendant's appeal as to Count I, the state was barred from prosecuting the defendant on Count II.

We believe it may be said that, in general, a litigant who has taken an appeal may dismiss his appeal without the consent of the appellee. The right of dismissal is not, however, absolute or without limitation. The rule is aptly stated in 5 Am. Jur. 2d, Appeal and Error, § 919, p. 350:

"In the absence of a statute expressly or impliedly prohibiting the withdrawal of an appeal or error proceeding, an appellant or plaintiff in error may ordinarily dismiss his appeal or writ of error without regard to the consent of the appellee or defendant in error, *unless the latter will be prejudiced thereby.* . . ." (Emphasis supplied.)

To guard against the possibility of prejudice, the prevailing rule requires that the considered consent of the court in which the appeal is pending shall be obtained before an effective dismissal can be accomplished. This view finds expression in 5 Am. Jur. 2d, Appeal and Error, § 920, pp. 350, 351:

"Whether or not the appellant or plaintiff in error will be permitted to dismiss or withdraw his appeal or error proceeding is a matter within the discretion of the court, and not a matter of right on the part of the appellant or plaintiff in error, although it is usually granted unless some special reason

for retaining the appeal is shown. The appellant must, accordingly, make application to the proper court for leave to dismiss, and show, if called upon, *that no prejudice will result to the appellee or defendant in error or to co-appellants."* (Emphasis supplied.)

The foregoing view, we believe, has peculiar application to appeals from convictions had in summary courts. In 22 C. J. S., Criminal Law, § 397, p. 1033, we find the principle phrased as follows:

"Accused cannot as a matter of right dismiss his appeal. The court to which the appeal is taken, not accused, is vested with the power of dismissal; an application therefor is addressed to the discretion of the court, and the court does not abuse its discretion in refusing a motion to dismiss. In jurisdictions where, on appeal, the case is tried *de novo* in the court to which the appeal is taken, accused occupies on the appeal the same relative position of accused, and has no greater right, in the absence of express statutory authority therefor, to have the appeal dismissed on his own motion than he had to have it discontinued below."

A discussion of the rules summarized above is found in *Dressman v. Commonwealth,* 204 Ky. 668, 265 S. W. 3, where the defendant, who had appealed a conviction from police court, sought by motion to dismiss his appeal at the time his case was called for trial in circuit court. The defendant's motion to dismiss was overruled and this ruling was upheld by the Supreme Court on appeal. In its decision, the court said:

"The general rule appears to be, both in criminal and civil cases, that where one prosecutes his appeal from a trial court to a court of purely appellate jurisdiction, he as a matter of right may dismiss his appeal in the appellate tribunal unless by so doing the rights of the appellee are thereby affected. The reason of this is that he may at any time waive his right of appeal and elect to accept the judgment of the trial court as final.

"But where he prosecutes an appeal from one inferior court to another, and in the latter court the whole matter is to be tried anew, when that court properly has the whole case before it for hearing as if it had never been heard in any other tribunal, there is no more reason that the one prosecuting the appeal should control the course of the litigation, and as a matter of right have his appeal dismissed, than there would be if the case had originated in the court to which he appealed it." (p. 669.)

A similar opinion was expressed by the Mississippi court in *Thigpen v. State,* 206 Miss, 87, 39 So. 2d 768, where, in deciding that the trial court had not abused its discretion in overruling a motion to dismiss an appeal, it said:

"This question has been set at rest in this State by the decision in *Bang v. State,* 106 Miss. 824, 64 So. 734. It was there decided that one appealing a conviction from the Justice of the Peace court to the Circuit Court stands there

for trial de novo as defendant and he occupies in that court the same attitude of a defendant as he did in the court of the Justice of the Peace and as such is impotent to dismiss the case. He had no more right to dismiss the appeal in the Circuit Court than he had to enter a nolle prosequi in the court of the Justice of the Peace. No defendant charged with a crime for the commission of which he is upon trial has a right to dismiss the case from the docket. . . ." (p. 94.)

See also *Wisehart v. The State,* 104 Ind. 407, 4 N. E. 156; *NeSmith v. State,* 28 Ala. App. 66, 178 So. 461; *Peeples v. State,* 216 Miss. 790, 63 So. 2d 236.

A situation similar in many respects to the one presented here was considered in *Seay v. Commonwealth,* 155 Va. 1087, 156 S. E. 574. There, the defendant had been charged in one count with obstructing justice, a misdemeanor, and in a second count with aiding and abetting a violation of the liquor law, a felony. He was convicted in justice court on the first count and indicted on the second count, the indictment being filed in circuit court. Following his conviction in justice court, the defendant appealed to the circuit court. Sometime later, but before the felony charge was tried, the defendant paid the fine and costs assessed in justice court and the justice dismissed the warrant. Thereupon, a plea in abatement was filed to the felony charge remaining untried in the circuit court on the ground that, since both offenses grew out of one transaction, the misdemeanor conviction in justice court barred prosecution on the felony accusation. In disposing of this contention, the Virginia court said on appeal:

"We will now consider the contention that the right of appeal is a personal one and that the accused could satisfy the judgment and dismiss the appeal afterwards, even though the same had been perfected in the magistrate's court. Our conclusion is that he had no such right. When one convicted of a criminal offense by a justice of the peace elects to appeal from the judgment, then *ipso facto* jurisdiction is conferred upon the court appealed to, and the Commonwealth is then as much a party to the transaction as it was in the proceedings before the justice of the peace, and the court—not the accused— is vested with the power of dismissal. Having acquired jurisdiction by the election of the accused to exercise his right of appeal, the case is on the docket of the court and is to be tried *de novo.*" (p. 1094.)

Expressing what might be termed a converse application of the rule, the Oklahoma Criminal Court of Appeals in *Caudill v. State,* 9 Okla. Cr. 66, 130 Pac. 812, held:

"An appellant has the right to dismiss his appeal whenever this can be done *without prejudice to the rights of the state and the administration of justice.* ( Syl. ¶ 1.) (Emphasis supplied.)

We believe it cannot be denied that in the present case the state

was prejudiced by the action of the trial court in sustaining the defendant's motion to dismiss his appeal from the conviction of drunkenness and, at the same time, ruling that such conviction, being now unappealed, barred prosecution of the defendant on the charge of driving while intoxicated. The result of such a package decision was to deprive the state, which had initiated the proceedings, of that control of the prosecution which the orderly and efficient administration of justice demands.

We conclude it was error for the trial court to permit the accused to dismiss a portion of his appeal from city court where it also held that, upon such partial dismissal, the state would be precluded from prosecuting the other charge contained in the appeal.

We have not overlooked *State v. Curtis,* 29 Kan. 384, nor ignored the language cited by the court therefrom to support its decision. In Curtis, the defendant appealed a liquor conviction from justice court. The county attorney then filed an original information in district court and dismissed the prior proceedings. The defendant filed a plea in bar insisting that the earlier prosecution barred action on the information. This court rejected this contention, holding that the state might dismiss the prosecution pending the defendant's appeal and commence another prosecution for the same offense.

The language said to sustain the trial court's judgment appears on page 386: ". . . Further, *while doubtless the appellant may dismiss his appeal,* and thus reinstate and make final the judgment against him, yet the appeal conditionally vacates the judgment. . . ." (our italics.) This language was not essential to the decision. It constitutes dictum and is not controlling on the issue raised here.

We believe the holding in Curtis actually accords with the general view that where, as in this state, an appeal is tried *de novo,* a defendant is not entitled to control the ultimate disposition of the charges brought against him.

The trial court also relied on *K. C. Ft. S. & G. Rld. Co. v. Hammond,* 25 Kan. 208. The appeal in that case was from a judgment in a civil action. No rights of the appellee were shown to have been prejudiced and, certainly, no public rights were endangered or compromised. In *People v. Finucan,* 151 App. Div. 92, 135 N. Y. S. 936, the court, in distinguishing the right of an accused to discontinue his appeal from the right of a civil litigant, had this to say:

". . . The principles applicable are not the same in a criminal case.

In a private action the questions involved are between the parties to the action alone, and do not concern the body public. . . ." (p. 95.)

We think there is much to be said in favor of the distinction made by the New York court.

Although the trial court held the right of appeal was personal, giving defendant the right to dismiss his appeal in part, we are aware of its further statement that it felt it was not an abuse of discretionary power "to permit the defendant to do as he desires." Under the circumstances heretofore related, we cannot agree.

The discretion lodged within a court is not a boundless, but a judicial, discretion. It is a discretion limited to sound judgment to be exercised, not arbitrarily, but with regard to what is right and equitable under the circumstances and the law.

Nothing mentioned by the trial court as justifying partial dismissal of the appeal comes within the ambit of what we consider sound judicial discretion. The state's inability to subpoena an essential witness is not shown due to lack of diligence on its part. Nor is blame to be inferred from the state's failure to make an election in city court, where the record does not show that a motion to require an election was made. A third reason given by the court provides no sounder basis for permitting piecemeal dismissal of the appeal. In this connection, we may note that it has been held an appeal may not be dismissed in part (5 Am. Jur. 2d, Appeal and Error, § 923, p. 353). However, we do not base our disapproval of the trial court's holding specifically on this ground.

Because of the conclusion we have reached, it becomes unnecessary to consider the effect upon this case of *State v. McLaughlin*, supra. Accordingly, we decline to re-examine that decision despite the state's insistence that its rationale is faulty and that it should be overruled. We might add, however, that although the offenses of drunkenness and driving while intoxicated were held, under the evidence in that case, to be parts of the same criminal delinquency, so that conviction of the first offense would bar prosecution of the second, this court did not arbitrarily throw out the conviction of driving while intoxicated, but returned the case with directions that the trial court sustain the defendant's motion to require the state to make an election.

The judgment of the district court is reversed, and this cause is remanded with instructions to overrule the defendant's motion to dismiss his appeal as to Count I of the complaint and to proceed with the case in accordance with the views herein expressed.